NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000619
28-JUN-2013
08:32 AM

CAAP-12-0000619

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JUSTIN GERDES, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, Respondent-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-12-0004)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Leonard, JJ.)

Petitioner-Appellant Justin R. Gerdes (Gerdes) appeals from the Judgment on Appeal (Judgment) entered on June 6, 2012, by the District Court of the First Circuit (District Court).[1] The District Court affirmed the administrative revocation of Gerdes's driver's license by Respondent-Appellee Administrative Director of the Courts, State of Hawai'i (Director), acting through a hearing officer of the Administrative Driver's License Revocation Office (ADLRO).

On appeal, Gerdes argues that the hearing officer erred in considering Honolulu Police Department Officer Darrin Lum's sworn statement, which contained the results of the standard field sobriety tests (SFSTs) Officer Lum had administered to Gerdes, where Officer Lum did not have an independent

---

[1] The Honorable Leslie A. Hayashi presided.

recollection of administering the SFSTs when he testified at the ADLRO hearing. We affirm.

Gerdes contends that because Officer Lum had no independent recollection of Gerdes's performance on the SFSTs, the hearing officer violated Gerdes's due process rights by considering Officer Lum's sworn statement regarding the results of Gerdes's SFSTs as evidence in determining that (1) there was probable cause for Gerdes's arrest; and (2) the preponderance of the evidence showed that Gerdes operated his vehicle while under the influence of an intoxicant.[2] We disagree.

Gerdes cites no authority to support his contention. The rules of evidence governing administrative revocation proceedings are much less formal than those governing judicial proceedings. Voellmy v. Broderick, 91 Hawai'i 125, 128, 980 P.2d 999, 1002 (App. 1999); see Desmond v. Admin. Dir. of Courts, 91 Hawai'i 212, 220, 982 P.2d 346, 354 (App. 1998) (Desmond I), overruled on other grounds by, 90 Hawai'i 301, 978 P.2d 739 (1999) (Desmond II). Under Hawaii Rules of Evidence (HRE) Rule 802.1(4) (1993) ("Past recollection recorded"), a rule of evidence applicable to criminal proceedings, a witness's inability to independently recall a matter would not preclude the admission of evidence regarding the witness's recorded observations concerning that matter. Here, the record indicates that Officer Lum's sworn statement regarding the results of Gerdes's SFSTs would have been admissible in a criminal case as a past recollection recorded under HRE Rule 802.1(4). We conclude that Officer Lum's lack of independent recollection of Gerdes's SFSTs did not render the evidence regarding the results of

---

[2] According to Officer Lum's sworn statement, Gerdes performed poorly on the walk-and-turn and one-leg-stand tests. During the walk-and-turn test, Gerdes missed four heel-toe steps, raised his arms, and lost his balance and "went backwards" on the turn. During the one-leg-stand test, Gerdes placed his foot down three times and swayed and raised his arms throughout the test. The hearing officer did not consider the results of the horizontal-gaze-nystagmus test.

Gerdes's SFSTs contained in Officer Lum's sworn statement inadmissible at Gerdes's administrative revocation hearing.

Officer Lum's sworn statement was admissible at the administrative hearing. See Desmond I, 91 Hawai'i at 220, 982 P.2d at 354 ("An agency should receive all evidence which is competent, relevant and material regardless of its weight . . . ." (block quote format and citation omitted)); Desmond II, 90 Hawai'i at 301-02, 978 P.2d at 739-40 (concluding that the hearing officer, upon the petitioner's objection, is only required to exclude "(a) all unsworn statements (except the arrest report) of law enforcement officials who do not appear to testify; and (b) all other evidence that is both irrelevant and prejudicial"). We hold that the hearing officer did not err in considering the evidence regarding the results of Gerdes's SFSTs contained in Officer Lum's sworn statement.

We affirm the June 6, 2012, Judgment of the District Court.

DATED: Honolulu, Hawai'i, June 28, 2013.

On the briefs:

Kevin O'Grady
(Law Office of Kevin
O'Grady, LLC)
for Petitioner-Appellant

Robert T. Nakatsuji
Deputy Solicitor General
Department of the Attorney General
for Respondent-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

3